UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

JS-6

| CASE NO.: | 2:18-cv-09614-SJO (GJSx) | DATE: | June 25, 2019 |
|---|---|---|---|

TITLE:    Latasha Pariot v. Portfolio Recovery Associates, LLC, et al.

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                         Not Present
Courtroom Clerk                                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                              Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** [Docket No. 10]

This matter is before the Court on Defendant Portfolio Recovery Associates, LLC's ("Defendant") Motion to Dismiss Case ("Motion"), filed January 9, 2019. Plaintiff Latasha Pariot ("Plaintiff") opposed the Motion ("Opposition") on February 11, 2019. Defendant replied ("Reply") on February 15, 2019. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for March 6, 2019. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's Motion is **GRANTED**.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2018, Plaintiff filed the present class action complaint ("Complaint") alleging violations of the Fair Dept Collection Practices Act ("FDCPA"). (*See generally,* Complaint, ECF No. 1.) In her Complaint, she alleges the following:

At some point prior to November 21, 2017, Plaintiff incurred credit card debt owed to Capital One Bank (USA) N.A. ("Capital One"). (Compl. ¶¶ 21-22.) She was unable to pay this debt and defaulted on the account. (Compl. ¶ 24.) At a later date, Defendant purchased the defaulted debt from Capital One and now seeks to collect the outstanding payments. (Compl. ¶¶ 25-26.)

On November 21, 2017, Defendant sent Plaintiff a collection letter offering her various offers by which to settle the debt for less than the full amount due. (Compl. ¶¶ 28-29, Exh. A ("Letter").) At the time this letter was sent, the debt was statutorily time-barred and Defendant was therefore unable to sue Plaintiff. (Compl. ¶ 31.) The bottom of this letter states that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." (Compl. ¶ 30.) Plaintiff contends that this statement is deceptive because it implies that the Defendant has **chosen** not to sue rather than being legally estopped from doing so. (Compl. ¶ 32.) She also alleges that the letter is deceptive because it fails to disclose that the statutory period in which to bring a lawsuit could be renewed upon payment by a debtor. (Compl. ¶ 34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:   2:18-cv-09614-SJO (GJSx)          DATE:   June 25, 2019

Plaintiff contends that these statements are "deceptive, misleading and unfair debt collection practices" and that she has been damaged as a result. (Compl. ¶ 37.)

Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated. (Compl., preamble.) The proposed class is defined as follows:

  a.  all individuals with addresses in the State of California;
  b.  to whom Defendant Portfolio sent a collection letter attempting to collect a consumer debt and making a settlement offer;
  c.  whose letter states that it will not sue the consumer;
  d.  without clearly stating that the consumer could no longer be sued by any party;
  e.  additionally the letter fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt could recommence upon payment;
  f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

(Compl. ¶ 12.)

II.   DISCUSSION

   A.   Legal Standard

"Rule 12(b)(6), which tests the legal sufficiency of the claims asserted in the complaint, must be read in conjunction with Rule 8, which requires a 'short and plain statement showing that the pleader is entitled to relief . . .'" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citation and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level, a court may not dismiss the complaint under Rule 12(b)(6)." *See Twombly*, 550 U.S. at 545. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

CASE NO.:   **2:18-cv-09614-SJO (GJSx)**          DATE:          **June 25, 2019**

      B.    <u>Analysis</u>

In the present Motion, Defendant seeks to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). (*See generally*, Mot.)  It argues that the letter does not violate the FDCPA and that it should be shielded from liability for relying in good faith on the CFPB's Consent Order.

      1.    <u>The FDCPA Generally</u>

Congress passed the FDCPA in 1977 after finding that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  The goal of the act was "to eliminate abuse debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

"There are four elements to an FDCPA cause of action: (1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o." *Wheeler v. Premiere Credit of North America, LLC*, 80 F.Supp.3d 1108, 1112 (S.D. Cal. 2015)(citing *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cit. 2004)).  Of particular relevance to this case, Section 1962e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1962e.

When determining whether a consumer is likely to be misled pursuant to the FDCPA, "the Court applies the least sophisticated consumer standard.  The standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011).  "The standard is designed to protect consumers of below average sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Id.* at 1062.  "At the same time, the standard preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.*  "The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations." *Id.*

      2.    <u>California Law Requires a New Acknowledgment Before Reviving Time-Barred Debt</u>

Plaintiff contends in her Complaint that "the Letter is materially deceptive as it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt could recommence upon payment by Plaintiff." (Compl. ¶ 9.)  Defendant disagrees with this statement and claims

CASE NO.:   2:18-cv-09614-SJO (GJSx)          DATE:          June 25, 2019

that California law requires a separate acknowledgment of outstanding debt before a time-barred debt may recommence.

Plaintiff identifies the source of this purported resurrection as California Code of Civil Procedure Section 360. (Opp'n at 6.) That section states that:

> No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby, provided that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment ro promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, **but no such payment of itself shall revive a cause of action once barred**.

Cal. Code. Civ. Pro. § 360 (emphasis added). Because the statutory period has already run on Plaintiff's debt, payment could not "revive [the] cause of action" on that debt. In order to successfully revive a time-barred debt, there must be a written acknowledgment of the debt and the writing must be signed. *Id.*

### 3. The Letter Does not Violate the FDCPA

In her Opposition, Plaintiff relies heavily on the reasoning in *Shadow v. Midland Credit Management, Inc.*, Case No. 3:17-cv-2277-L-BLM, 2018 WL 4357980 (S.D. Cal. Sept. 13, 2018). In that case, the court reviewed a similarly worded letter from a debt collection agency and found that the plaintiff had sufficiently alleged a violation of the FDCPA. *Id.* While it is true that one court in the Southern District found a plaintiff's similar allegations sufficient, many more courts examining similar letters have found the allegations lacking. *See e.g., Gutierrez v. Portfolio Recovery Associates, LLC*, CV 18-9890 DSF (RAOx), 2019 WL 422195 (C.D. Cal. Feb. 1, 2019); *Miran v. Convergent Outsourcing, Inc.*, 3:16-CV-00692-AJB-JMA (S.D. Cal. April 20, 2017); *Swann v. Dynamic Recovery Solutions, LLC*, 4:18-CV-1000-VEH, 2018 WL 6198997 (N.D. Ala. Nov. 28, 2018); *Cooper v. Midland Credit Management, Inc.*, 4:18-CV-82 (CDL), 2018 WL 6517448 (M.D. Ga. Dec. 11, 2018). As discussed below, the Court finds the reasoning in this second set of cases persuasive.

On September 9, 2015, Defendant entered into a Consent Order with the Consumer Financial Protection Bureau (the "CFPB") which mandated the manner in which Defendant was able to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:   2:18-cv-09614-SJO (GJSx)          DATE:       June 25, 2019

collect time-barred obligations. (Request for Judicial Notice[1], Exh. A ("CA") ¶ 126, ECF No. 10-1.) As part of the Consent Order, the CFPB directed Defendant to include the following phrase in letters attempting to collect time-barred obligations: "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it."  (CA ¶ 126(b).)  This is the precise language used in the letter sent to Plaintiff and Defendant argues that its use should act as a shield from FDCPA liability.  (Mot. 7.)

Under section 1692k(e) of the FDCPA, "[n]o provision . . . imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the [CFPB]."  15 U.S.C. § 1692k(e).  While a consent order is admittedly not an "advisory opinion," it has a similar effect—perhaps stronger given that it is particularized to the party and conduct at issue.  In the present case, Defendant has directly conformed with the CFPB's Consent Order regarding the disclosure language.  Despite this, Plaintiff argues that the language used in the disclaimer is misleading because it "implies that Defendant <u>cannot</u> sue ('will not sue you'), instead of the true fact that neither Defendant nor any subsequent creditor/collector can file a lawsuit to collect this debt." (Compl. ¶ 32.)  Because the challenged language is taken directly from the disclosure required by the CFPB, however, the Court finds that section 1692k(e) applies and that this language cannot serve as the basis for a FDCPA claim.

Plaintiff also alleges a second harm: that the letter "fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt could recommence upon payment by Plaintiff." (Compl. ¶ 34.)  Yet, as discussed previously, the simple act of paying a portion of the outstanding debt would do no such thing.  *See* discussion *supra* Part II.B.2.  Nevertheless, Plaintiff contends that "it is highly possible that, in order to accept one of these plans, Defendant would require a written agreement of some fashion to consummate the new agreement—creating a novation and, consequently, restarting the statute of limitations on his/her debt." (Opp'n. 6.)  However, Plaintiff provides no basis for this assumption and the Court finds it to be speculative and insufficient to support Plaintiff's claim.  *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.")  Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss.

In her Opposition, Plaintiff asks that, should Defendant's Motion to Dismiss be granted, she be afforded leave to amend her Complaint to further specify her claims.  (Opp'n 8-9.)  While leave to amend is freely granted as a general matter, it may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Such is the case here. Because the Court finds Plaintiff's legal theories contrary to existing law, the deficiencies in her

---

[1]   Because the Consent Order is a public document, the veracity of which can be accurately and readily determined from reliable sources, the Court finds the document judicially noticeable.  Fed. R. Evid. 201.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **CASE NO.:** | 2:18-cv-09614-SJO (GJSx) | **DATE:** | June 25, 2019 |

Complaint are legal in nature and therefore cannot be cured by simply providing further specificity. For this reason Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

III.   RULING

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint **WITHOUT LEAVE TO AMEND**. This matter shall close.

**IT IS SO ORDERED.**